UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**ORDER**
05-CR-26S

REUDELL JEMES,

                        Defendant.

        1.      On January 20, 2005, Defendant Reudell Jemes appeared before this Court and pled guilty to a single-count felony Information charging him with unlawfully possessing with intent to distribute and distributing a quantity of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1).  The Information alleges that this criminal conduct occurred between February 3 and 6, 2003.

        2.      The factual basis for Defendant's plea is set forth at ¶ 8 of the plea agreement.  Therein, it is stated that "approximately 6.8 grams of cocaine base is the amount involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government against the defendant."  It is the Government's position, however, that the mandatory minimum punishment provided in 21 U.S.C. § 841(b)(1)(B)(iii) does not apply.

        3.      At the time Defendant entered his plea, this Court requested that the Government provide further support for its position that the mandatory minimum does not apply.  This Court also advised Defendant that he would be permitted to withdraw his plea if it was determined that he was subject to the mandatory minimum penalty.

        4.      In support of its position, the Government provided a copy of a brief it filed in another case raising a similar issue – United States v. Antoinette Rodolph, 02-CR-244S.

Rodolph was charged in a four-count Indictment with intent to distribute and distribution of a quantity of cocaine base.  Each of the four counts was silent as to the amount of cocaine base involved.  Rodolph pled guilty to only the first count of the Indictment.  In arguing that the quantity of cocaine base involved in the other three counts should not be aggregated for purposes of applying the mandatory minimum, the Government relied on United States v. Darmand, where the Second Circuit instructed that "the statutory mandatory minimum sentences of 21 U.S.C. § 841(b)(1) apply only to the conduct which actually resulted in a conviction under that statute." 3 F.3d 1578, 1581 (2d Cir. 1993).  In short, the Second Circuit held that the mandatory minimum "applies to the quantity involved in the charged, and proven, violation of § 841(a)." Id.

5.    The instant case is materially different from Rodolph.  Here, there is a single-count felony Information charging illegal conduct between February 3 and 6, 2003.  According to the factual basis statement in the plea agreement, the illegal conduct committed over these four days involved 6.8 grams of a substance containing cocaine base.  Therefore, unlike in Rodolph where the amount of cocaine base to be aggregated fell outside of the conduct charged in the count to which Rodolph pled guilty, here the 6.8 grams makes up the conduct charged in the single-count Information.  Thus, whereas Darmand supported the Government's position in Rodolph, it appears to directly contradict its position in this case.  Here, it appears that 6.8 grams represents "the conduct which actually resulted in a conviction under [the] statute." Id. at 1581.  It therefore appears that the mandatory minimum applies.

6.    Before determining whether the mandatory minimum applies, this Court will

2

permit the parties to file case-specific legal memoranda setting forth their positions on this issue.  Counsel shall adhere to the submission schedule set forth below.

IT HEREBY IS ORDERED, that the Government shall file with the Clerk of the Court and serve a submission setting forth its position as to whether the mandatory minimum applies in this case on or before Friday, May 6, 2005.

FURTHER, that Defendant shall file with the Clerk of the Court and serve a response thereto on or before Friday, May 13, 2005.

SO ORDERED.

Dated:   April 25, 2005
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge